NO









NO. 12-10-00025-CR

 

                         IN
THE COURT OF APPEALS

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

 

MICHAEL MCCORMICK,

APPELLANT                                                     '     APPEAL
FROM THE 349TH

 

V.                                                                         '     JUDICIAL
DISTRICT COURT OF

 

THE STATE OF TEXAS,                                 '     HOUSTON
COUNTY, TEXAS

APPELLEE

 





MEMORANDUM
OPINION

            Michael
McCormick appeals his conviction for possession of a controlled substance.  In
one issue, Appellant argues that the trial court reversibly erred by denying
his motion to suppress.  We affirm.

 

Background

            Appellant
was charged by indictment with possession of a controlled substance.  Appellant
filed a motion to suppress, alleging that

 

[t]he actions of the U.S. Forest Service officer [who
arrested him] violated the constitutional and statutory rights of [Appellant]
under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States
Constitution, Article I, Section 9 of the Texas Constitution, and under Article
38.23 of the Texas Code of Criminal Procedure.

 

 

The trial court
held an evidentiary hearing on Appellant’s motion and subsequently denied the
motion.  Appellant pleaded guilty to the charge against him.  The trial court
found Appellant guilty and sentenced him to two years of confinement, probated
for three years, and a $1,000 fine.  This appeal followed.

 

Suppression of Evidence

            In
his sole issue, Appellant argues that the arresting officer lacked adequate
cause to detain him.  Therefore, he argues that his consent to search his
vehicle, as well as the methamphetamine found during the search, flow from an
illegal detention.  Appellant frames and argues his issue in the context of
Fourth Amendment jurisprudence.  Therefore, we have evaluated Appellant’s issue
in that context.

Standard of Review and
Applicable Law

            A
trial court’s ruling on a motion to suppress evidence is reviewed under an
abuse of discretion standard.  Balentine v. State, 71 S.W.3d 763,
768 (Tex. Crim. App. 2002).  In reviewing a trial court’s ruling on a motion to
suppress, a reviewing court must give “almost total deference to a trial
court’s determination of historical facts” and review de novo the trial court’s
application of the law of search and seizure.  Guzman v. State,
955 S.W.2d 85, 88-89 (Tex. Crim. App. 1997).  Where a trial court does not make
explicit findings of historical fact, the reviewing court examines the evidence
in the light most favorable to the trial court’s ruling and assumes the trial
court made implicit findings of fact that are supported in the record.  Balentine,
71 S.W.3d at 768.

            The
Fourth Amendment to the United States Constitution prohibits unreasonable
searches and seizures.  See U.S.
Const. amend. IV.  But the Fourth Amendment is not implicated in every
interaction between law enforcement and citizens.  Terry v. Ohio,
392 U.S. 1, 19 n.16, 88 S. Ct. 1868, 1879 n.16, 20 L. Ed. 2d 889 (1968).  There
are three recognized categories of interaction between law enforcement and
citizens: encounters, investigative detentions, and arrests.  Francis v.
State, 922 S.W.2d 176, 178 (Tex. Crim. App. 1996).

            An
encounter is a consensual interaction that does not require any particular
level of suspicion.  Florida v. Bostick, 501 U.S. 429, 434, 111
S. Ct. 2382, 2386, 115 L. Ed. 2d 389 (1991).  As long as the encounter is
consensual, it is not a seizure under the Fourth Amendment and no reasonable suspicion
is required.  Id.  An interaction rises beyond the level of a
consensual encounter where (1) a person is subjected to a show of authority and
submits or (2) law enforcement officers apply physical force to limit the
person’s movement. See id.  In order to determine whether the
show of authority submitted to rises to the level of a seizure, “a court must
consider all the circumstances surrounding the [interaction] to determine
whether the police conduct would have communicated to a reasonable person that
the person was not free to decline the officers’ requests or otherwise
terminate the [interaction].”  Id., 501 U.S. at 439, 111 S. Ct.
at 2389.  This “reasonable person” test presupposes an innocent person.  Id.,
501 U.S. at 438, 111 S. Ct. at 2388.  If an interaction rises to the level of a
seizure, it will be either an investigative detention or an arrest, depending
on the circumstances.  Francis, 922 S.W.2d at 178.  In order for
investigative detentions and arrests to be legal, particular levels of
suspicion are required.  Id.

            An
investigative detention is a seizure under which a person is not free to leave,
at least for some period of time.  Id.  In an investigative
detention, the detaining officer must have specific articulable facts that, in
light of his experience and personal knowledge, together with inferences from
those facts, would reasonably warrant the intrusion on the freedom of the
person stopped.  Terry, 392 U.S. at 21, 88 S. Ct. at 1879-80. 
There must be a reasonable suspicion that the person detained is, has been, or
will soon be engaged in criminal activity.  See Brother v. State,
166 S.W.3d 255, 257 (Tex. Crim. App. 2005). The existence of reasonable
suspicion turns on an objective assessment of the detaining officer’s actions
in light of the facts and circumstances confronting him at the time, and not on
the officer’s state of mind.  See United States v. Knights,
534 U.S. 112, 122, 122 S. Ct. 587, 593, 151 L. Ed. 2d 497 (2001); Griffin
v. State, 215 S.W.3d 403, 409 (Tex. Crim. App. 2006).  Absent
reasonable suspicion, an investigative detention violates the Fourth Amendment.
 See Francis, 922 S.W.2d at 178.

            The
final level of interaction, an arrest, is also a seizure.  Id. 
An arrest must be accompanied by probable cause to believe that a person has
engaged in or is engaging in criminal activity.  Id.  This level
of suspicion is meant to protect law abiding citizens from the high level of
intrusion that accompanies an arrest.  Id.  Unlike an
investigative detention, where the seizure may end within a brief period of
time, the seizure involved in an arrest will not be brief.  Id.

Discussion

            The
trial court heard the testimony of John Amegan of the United States Forest
Service.  Amegan testified that he was driving down a road when he came upon
Appellant.  Amegan “had a badge, gun, and uniform on.”  Appellant was standing
on the side of the road by a parked vehicle, and was holding a “hand tool” in
one hand and rocks in the other.  The road ran through a federal forest that
was temporarily closed because of a hurricane.

            Amegan
exited his vehicle and approached Appellant.  They engaged in a consensual
discussion regarding Appellant’s place of residence and “what he was doing.” 
Appellant advised Amegan that he had been collecting rocks and petrified wood
from the forest.  Amegan then notified Appellant that it is illegal to remove
rocks and petrified wood from the forest. [1] 
Appellant “was kind of kidding around with [Amegan].”  He admitted to him that
he had “been doing it for years.  And then he kind of chuckled.”  “And
basically he said he did not know that he was not allowed to do that without a
permit.”  

            Amegan
then asked for consent to search Appellant’s truck, and Appellant consented to
the search.  Amegan testified that Appellant did not “appear overwhelmed” by
his badge, uniform, or firearm at the time he gave his consent.  The search of
the vehicle uncovered methamphetamine.

            Here,
the evidence before the trial court reflects that Amegan’s initial conversation
with Appellant was part of a consensual encounter. There was no evidence that
Appellant submitted after being “subjected to a show of authority” or that
Amegan “appl[ied] physical force to limit [Appellant’s] movement.”  See Bostick,
501 U.S. at 434, 111 S. Ct. at 2386.  Therefore, no particular level of
suspicion was required.  See id.

            By
the time Appellant consented to the search of his vehicle, he had been informed
by Amegan that it was illegal to remove rocks and petrified wood from the
forest.  Again, however, the encounter between Amegan and Appellant had not
ceased to be consensual.  There is no evidence that Appellant had submitted to
a show of authority and or that Amegan had applied any physical force to
Appellant.  See id.  Instead, the two were still engaged in a
consensual encounter that included Appellant laughing during their
conversation.

            Because
the events leading up to the search in question were part of a consensual
encounter, no particular level of suspicion was required.  See id. 
The trial court did not err in denying Appellant’s motion to suppress.  We
overrule Appellant’s sole issue.

 

Disposition

            We affirm
the judgment of the trial court.

 

                                                                                                    
SAM GRIFFITH    

                                                                                                             
Justice

Opinion delivered August 25, 2010.

Panel consisted of
Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

(DO NOT PUBLISH)









[1] 
We do not address the legality of removing rocks and petrified wood from
federal forests.